UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVLON CHAMBERS,

    Plaintiffs,

vs.

TRI-DIM FILTER CORPORATION,

    Defendant.

Case No.: 2:14-CV-14461-VAR-RSW

Honorable Victoria Roberts
Magistrate Judge Steven Whalen

_____/

| | |
|---|---|
| Greg M. Liepshutz (P37573)<br>LEVINE BENJAMIN, P.C.<br>Attorney for Plaintiff<br>100 Galleria Officentre, Suite 411<br>Southfield, MI 48034<br>(248) 352-5700  fax (248) 352-1312<br>gliepshutz@levinebenjamin.com | Carolyn M. Jereck (P41748)<br>PLUNKETT COONEY<br>Attorney for Defendant<br>38505 Woodward Avenue, Suite 2000<br>Bloomfield Hills, MI 48304<br>(248) 594-6363<br>cjereck@plunkettcooney.com |

_____/

## JOINT PROPOSED DISCOVERY PLAN

NOW COME the parties, through their respective counsel, and as their Joint Discovery Plan pursuant to Fed. R. Civ. P. 26(f)(3), as well as this Court's Notice of FRCP 10(b) Status and Scheduling Conference dated January 27, 2015 [Dkt. # 6], hereby state as follows:

1. **Related Cases**

There are no pending or adjudicated lawsuits related to this case. Plaintiff has, however, filed two previous related charges with the EEOC. The first, alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, remains pending at this time. No right to sue letter has been issued. The second, alleging retaliation for having filed the first, also claimed to be in violation of Title VII, was

dismissed based upon the EEOC's inability to conclude that the information obtained during the investigation phase established a violation of the statutes relied upon.

## 2. **Jurisdiction**

Plaintiff alleges violations of Title VII, 42 USC § 12101, *et seq.*, thereby vesting this Court with federal question original subject matter jurisdiction pursuant to 28 USC § 1331. The Court possesses supplemental jurisdiction over Plaintiff's state law claims related to ELCRA and/or WPA pursuant to 28 USC § 1367.

## 3. **Factual Summary**

At all pertinent times, Plaintiff, an African American male was directly employed by Malace International, a temporary staffing agency. In May of 2014, Plaintiff was contracted to work with Defendant as a Process Supervisor at the Chrysler Truck assembly plant located in Warren, MI. Plaintiff's assignment was terminated at Defendant's request on August 21, 2014.

Plaintiff claims to have been subjected to adverse employment actions based upon race throughout his employment. He also claims to have been retaliated against for having filed an EEOC claim alleging racial discrimination prior to his discharge.

Defendant denies that it discriminated or retaliated against Plaintiff in any way. Instead, Defendant contends that Plaintiff's assignment with Tri-Dim ended due to unacceptable job performance. Moreover, Defendant denies that it could have retaliated against Plaintiff as claimed because Tri-Dim was not notified of Plaintiff's

initial EEOC charge until after Plaintiff's assignment had been terminated.

4. **Legal Claims and Issues**

Plaintiff alleges violation of Title VII as well as the ELCRA based upon his claims of racial discrimination and/or retaliation. Plaintiff also alleges retaliation in violation of the WPA. Defendants deny that any state and/or federal laws were violated.

From Defendant's perspective, the validity of Plaintiff's Title VII claim remains directly at issue given the unresolved status of the underlying EEOC claim. Legal issues pertaining to "joint employment" are expected to arise as well. Other than the sufficiency of the evidence to support Plaintiff's remaining claims as well as Defendant's stated defenses, there are no other dispositive legal issues known and/or otherwise required to be addressed at this time.

5. **Amendment of Pleadings**

Defendant has already tendered its defense to Plaintiff's direct employer, Malace International. A response has not yet been received. If not received by the time of the Rule 16(b) Status and Scheduling Conference and Plaintiff declines to add Malace International as a direct party defendant, Tri-Dim requests that the scheduling order issued also contain a deadline for leave to pursue a third party complaint against Malace.

There are no other necessary amendments to the pleadings which are known to

the parties at this time. It is, however, the parties' understanding that it is the Court's practice to grant leave to amend "freely when justice so requires" pursuant to Fed. R. Civ. P. 15(a), if necessitated at a later date.

6. **Discovery**

    a.    **Discovery Each Party Intends to Pursue**

The parties intend to exchange interrogatories and requests to produce, to subpoena relevant records, to depose the relevant witnesses (e.g., Plaintiff, the defendant's decision makers, and key Chrysler as well as Malace employees familiar with Plaintiff's performance and/or the terms of the Independent Contractor Service Agreement entered into between Defendant and Plaintiff's direct employer, Malace). The parties also intend to depose any experts identified or necessitated throughout the initial discovery process.

    b.    **Requested Discovery Cutoff**

The parties request a discovery cutoff date of **October 15, 2015** and confirm that discovery need not be phased.

    c.    **Anticipated Discovery Disputes**

There are no anticipated discovery disputes known at this time.

    d.    **Arrangements for Exchange of Initial Disclosures**

Consistent with the Court's directive, the parties, through counsel, will have exchanged initial disclosures pursuant to Fed. R. Civ. 26(a)(1) prior to the Status

and Scheduling Conference.

    e.    **Changes to Limits Upon Discovery**

There are no known or anticipated changes to existing limits imposed by the governing court rules as of this time. If either party seeks to exceed the number of interrogatories allowable under Fed. R. Civ. P. 33(a)(1), the number of depositions allowable under Fed. R. Civ. P. 30(a)(2)(A)(i), or the duration of a deposition under Fed. R. Civ. P. 30(d)(1), the parties will first endeavor to resolve the matter in good faith prior to seeking leave of the Court.

    f.    **Need for Protective Orders for Confidentiality**

- None known at this time from Plaintiff's perspective.
- Defendant anticipates the possible need for entry of a protective order pursuant to Fed Rule of Evidence 502(d) in the event Plaintiff seeks to discover information deemed confidential and/or proprietary to Defendant's underlying business interests or involved personnel.

    g.    **Preservation of Discoverable Information**

The parties do not presently anticipate any issues related to the preservation of discoverable information.

7. **Electronic Discovery**

The parties do not presently expect any issues related to the disclosure or discovery of ESI to arise. Should they arise in the future, the parties will agree to

produce paper copies of electronically-produced information, unless the ESI is voluminous in nature, in which case, the producing party may produce the ESI in PDF format.

8. **Settlement**

Following completion of key discovery items as detailed above in Section 6, the parties may be amenable to participation in an independent facilitative mediation hearing in order to explore whether this is a matter that can be amicably resolved prior to trial.

9. **Consent to the Jurisdiction of the Magistrate Judge**

The parties do not consent to have a magistrate judge preside over the trial of this case but should routine discovery disputes arise, the parties do not object to the assigned magistrate's involvement in helping to resolve these issues.

10. **Trial**

A jury trial has been demanded. The parties, through counsel, currently estimate trial of this matter will last 3-5 days. The parties recommend that trial be scheduled to go forward after **January 30, 2016**.

11. **Miscellaneous Other Matters**

The parties also recommend that:

- expert discovery, if applicable, be allowed to continue up to 30 days before trial;

- all lay witnesses be disclosed by **May 15, 2015;**

- all expert witnesses be disclosed by **May 15, 2015;**

- dispositive motions, if applicable, are to be filed within 30 days of the close of discovery and/or on or before **November 15, 2015;**

- a final pretrial be held after **January 3, 2016** and/or within 20 days following the Court's decision on any dispositive motions pending as of this date.

Respectfully submitted,

By: /s/ Greg M. Liepshutz  
Greg M. Liepshutz (P37573)  
LEVINE BENJAMIN, P.C.  
Attorney for Plaintiff  
100 Galleria Officentre, Suite 411  
Southfield, MI 48034  
(248) 352-5700  fax (248) 352-1312  
gliepshutz@levinebenjamin.com

By: /s/ Carolyn M. Jereck  
Carolyn M. Jereck (P41748)  
PLUNKETT COONEY  
Attorneys for Defendants  
38505 Woodward Avenue, Suite 2000  
Bloomfield Hills, MI 48304  
(248) 594-6363   fax (248) 901-4040  
cjereck@plunkettcooney.com

Dated: February 13, 2015

---

**PROOF OF SERVICE**

Pursuant to MCR 2.107(D) the undersigned certifies that a copy of the foregoing document was served upon the attorneys of record of all parties to the above cause at their respective business addresses as disclosed by the pleadings of record herein on February 16, 2015, by

[X] U.S. Mail          [ ] Hand Delivery  
[ ] Express Mail       [ ] Overnight Mail  
[ ] Facsimile  [X] Electronic Filing

Further, I declare under penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

*/s/Stephanie L. Intermaggio*

Stephanie L. Intermaggio

Open.11877.50012.15098485-1