UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DEVLON CHAMBERS**,

                              Plaintiff,

                                                        Case No. 14-cv-14461

v.

                                                        Hon. Victoria A. Roberts

**TRI-DIM FILTER CORPORATION, and
MALACE INTERNATIONAL, LLC**

                              Defendant.

| | |
|---|---|
| **GOLD STAR LAW, P.C.** | **PLUNKETT COONEY** |
| **CAITLIN E. MALHIOT (P76606)** | **CAROLYN M. JERECK (P41748)** |
| **MAIA E. JOHNSON (P40533)** | Attorney for Defendant |
| Attorneys for Plaintiff | 38505 Woodward Ave., Ste. 2000 |
| 2701 Troy Center Dr., Ste. 400 | Bloomfield Hills, MI 48304 |
| Troy, MI 48084 | (248) 594-6363 |
| (248) 275-5200 | cjereck@plunkettcooney.com |
| cmalhiot@goldstarlaw.com | |
| mjohnson@goldstarlaw.com | |

**AMENDED COMPLAINT AND JURY DEMAND**

**COMPLAINT**

Plaintiff, Devlon Chambers, through his attorneys, Gold Star Law, P.C., for

his Amended Complaint herein states:

**PARTIES, JURISDICTION, AND VENUE**

1.      Plaintiff, Devlon Chambers ("Plaintiff") is a resident of Genesee

County, Michigan.

2.      Defendant, Tri-Dim Filter Corporation ("Tri-Dim") is a foreign profit corporation operating a distribution facility in Belleville, Michigan as well as a number of manufacturing facilities throughout the United States and Canada. Defendant has a registered office in Bingham Farms, Michigan.

3.      Defendant, Malace International, LLC ("Malace") is a domestic profit corporation with a registered office in Troy, Michigan.

4.      The violations of both Title VII of the Civil Rights Act of 1964 and the Elliott-Larsen Civil Rights Act alleged herein occurred in Wayne County, Michigan.

5.      This action arises under 42 USC 2000e *et seq.*, and jurisdiction of this Court is proper under 28 USC 1331.

6.      Defendants reside within this judicial district, and venue is proper in this Court pursuant to 28 USC 1391(b).

7.      This Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367. This action is authorized and instituted pursuant to the Elliott-Larsen Civil Rights Act, M.C.L. 37.2102 et seq.; M.S.A. 3.548(101) et seq.

## FACTUAL ALLEGATIONS

8.      Tri-Dim is a corporation engaged in the manufacturing, distribution, and sale of HVAC filters and other similar products.

9. Malace is a corporation engaged in directly employing individuals to provide services for other companies, including Tri-Dim.

10. Plaintiff is an African American male who was directly employed by Malace and performed work for Tri-Dim from May 4, 2014 until August 22, 2014.

11. Throughout the course of his employment with Defendants, Plaintiff was subjected to a work environment which he perceived as hostile towards African American employees.

12. Plaintiff made internal complaints to supervisors and representatives of Defendants regarding racial harassment and discrimination throughout his employment with Defendants.

13. On August 14, 2014, Plaintiff signed a formal charge of discrimination against Tri-Dim on the basis of his race with the Equal Employment Opportunity Commission ("EEOC"). The EEOC assigned charge number 471-2014-03097 to the investigation of his charge. The investigation of this charge is open and ongoing at the time of this filing.

14. On or about August 21, 2014, Defendants terminated Plaintiff's employment.

15. Defendants' termination of Plaintiff constitutes wanton and willful misconduct and a reckless disregard for Plaintiff's civil rights.

16.    Upon information and belief, the reason for termination stated by Defendants was that Plaintiff had missed a meeting approximately a month earlier, although Plaintiff had not been disciplined or otherwise reprimanded for missing the meeting prior to his complaints of racial harassment.

17.    Upon information and belief, Defendants terminated Plaintiff's employment in retaliation for having made protected complaints of racial discrimination and otherwise engaging in protected activity.

18.    Following his termination, Plaintiff filed a charge of retaliation (Charge No. 471-2014-03386) against Defendant Tri-Dim with the EEOC for which he received a Dismissal and Notice of Rights dated November 26, 2014. Said notice is attached to this pleading as exhibit 1.

## COUNT I – RACE DISCRIMINATION IN VIOLATION OF THE ELLIOTT LARSEN CIVIL RIGHTS ACT

19.    Plaintiff incorporates the allegations in the foregoing paragraphs as if fully stated herein.

20.    Defendants Tri-Dim and Malace are "employers" as defined under the Elliot-Larsen Civil Rights Act ("ELCRA").

21.    Defendants were Plaintiff's employers at all times pertinent to this action.

22.     Defendants discriminated against Plaintiff by tolerating a pattern of racial harassment in violation of ELCRA.

23.     As a direct and proximate result of Defendants' violation of ELCRA, Plaintiff has sustained damages including loss of income and emotional distress.

**WHEREFORE**, Plaintiff requests that this Court enter judgment against Defendants, jointly and severally, for economic and emotional damages, in an amount to be proven at trial, together with the costs and reasonable attorney fees incurred herein, and interest at the statutory rate.

## COUNT II – RETALIATION IN VIOLATION OF THE ELLIOTT LARSEN CIVIL RIGHTS ACT

24.     Plaintiff incorporates the allegations in the foregoing paragraphs as if fully stated herein.

25.     Defendants Tri-Dim and Malace are "employers" as defined under the Elliot-Larsen Civil Rights Act ("ELCRA").

26.     Defendants were Plaintiff's employers at all times pertinent to this action.

27.     Defendants retaliated against Plaintiff for his complaints of racial harassment by terminating his employment, in violation of ELCRA.

28.     As a direct and proximate result of Defendants' violation of ELCRA Plaintiff has sustained damages including loss of income and emotional distress.

**WHEREFORE**, Plaintiff requests that this Court enter judgment against Defendants, jointly and severally, for economic and emotional damages, in an amount to be proven at trial, together with the costs and reasonable attorney fees incurred herein, and interest at the statutory rate.

## COUNT III- RETALIATION IN VIOLATION OF TITLE VII

29.     Plaintiff incorporates the allegations in the foregoing paragraphs as if fully stated herein.

21.     Defendant Tri-Dim is an "employer" as defined under Title VII of the Civil Rights Act of 1964 ("Title VII").

22.     Tri-Dim was Plaintiff's employer at all times pertinent to this action.

23.     Tri-Dim terminated Plaintiff's employment in retaliation for both Plaintiff's charge of racial discrimination with the EEOC and Plaintiff's internal complaints of racial harassment.

24.     As a result of Tri-Dim's unlawful conduct, Chambers has sustained damages including loss of income and emotional distress.

**WHEREFORE**, Plaintiff requests that this Court enter judgment against Tri-Dim for economic, emotional, and punitive damages, in an amount to be proven at trial, together with the costs and reasonable attorney fees incurred herein, and interest at the statutory rate.

Respectfully submitted,

**GOLD STAR LAW, P.C.**

**/s/ Caitlin E. Malhiot       **

Dated: March 26, 2015          **Maia E. Johnson P48583**
**Caitlin E. Malhiot P76606**
Attorneys for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, MI, 48084
(248) 275-5200

<u>**JURY DEMAND**</u>

Plaintiff, Devlon Chambers, hereby demands a trial by jury in this action.

Respectfully submitted,

**GOLD STAR LAW, P.C.**

**/s/ Caitlin E. Malhiot        **

Dated: March 26, 2015          **Caitlin E. Malhiot P76606**
**Maia E. Johnson P48583**
Attorneys for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, MI, 48084
(248) 275-5200

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 26, 2015, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel registered electronically.

/s/ *Shelley Eckelberry*    
Shelley Eckelberry
**GOLD STAR LAW, P.C.**

# EXHIBIT
# 1

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | From: |
|---|---|
| Devion Chambers<br>6602 Park Belt<br>Flint, MI 48504 | Detroit Field Office<br>477 Michigan Avenue<br>Room 865<br>Detroit, MI 48226 |

On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 471-2014-03386 | Jillian L. Jablonski,<br>Investigator | (313) 226-2005 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your** receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_Marcia L. Hyatt_                    11/26/14

Enclosures(s)

**Webster N. Smith,**                    (Date Mailed)
for    **District Director**

cc:

Pamela Scott
Director- Human Resources
TRI-DIM
93 Industrial Drive.
Louisa, VA  23093